623 A.2d 726

**Dorothy CAMER**

v.

**Betty LUPINACCI, et al.**

**No. 1228, Sept. Term, 1992.**

Court of Special Appeals of Maryland.

April 30, 1993.

---

Dorothy Camer, Seattle, VA, for appellant.

John Edwards (Betty Lupinacci and Paul Albergo, on the brief), Takoma Park, for appellees.

Argued before ALPERT, ROSALYN B. BELL * and FISCHER, JJ.

FISCHER, Judge.

This case involves the applicability of Md.Real Prop.Code Ann. § 8–203 to a residential landlord-tenant dispute. The appellees, Betty Lupinacci, Paul Albergo, and John Edwards, filed a district court complaint against their landlord, Dorothy Camer, appellant. The tenants claimed that their landlord had violated § 8–203(b) by demanding payment of a security deposit in excess of two months rent and that their landlord had failed to comply with § 8–203(c) by not tendering a receipt for the security deposit. The landlord responded with a request for a jury trial, and the matter was transferred to the Circuit Court for Prince George's County.

---

* Bell, J., now retired, participated in the hearing and decision of this case while an active member of this Court; after being recalled pursuant to the Constitution of Maryland, Article IV, Sections 3A and 18(b), she also participated in the adoption of this opinion.

In the circuit court, the appellees filed a four-count amended complaint. The first count alleged that appellant had violated § 8–203(b)(1) by demanding the equivalent of three months rent as a security deposit (a total of $2,700) and had violated § 8–203(c)(1) and (3) by failing to tender a receipt for the security deposit. The appellees sought return of the $900 excess security deposit, treble damages amounting to $2,700, and attorney's fees of $2,000.[1] Count II of the amended complaint alleged that, upon termination of the tenancy, the appellant wrongfully withheld, for damages, $2,028.77 from the $2,700 security deposit. The tenants argued that appellant had forfeited her right to withhold any part of the security deposit when she failed to comply with § 8–203(g). Section 8–203(g) requires that, at the time the security deposit is paid, the landlord shall advise the tenant, in writing, of the tenant's rights concerning the security deposit. Under Count II, appellees sought $2,182.12 as the amount of the security deposit and interest wrongfully withheld. They also sought treble damages of $6,546.36, as threefold the amount withheld, and attorney's fees of $2,000. Count III of the complaint alleged that only normal wear and tear had occurred during the tenancy and that no damage had resulted to the premises. Appellees argued, therefore, that the appellant had wrongfully withheld $2,182.12. They sought return of this amount, treble damages of $6,546.36, and attorney's fees of $2,000. In Count IV, the appellees claimed that appellant incorrectly calculated the interest due on the security deposit. Section 8–203(f) provides for simple interest of four percent per annum accruing at six month intervals from the day the tenant pays the security deposit. Appellees computed the interest as $2,700 times 4% times two years. The total interest due, according to their calculation, was $216, not $62.65 as determined by the appellant. The appellees, therefore, sought $648 as three times the amount of interest wrongfully withheld and attorney's fees of $2,000.

---

1. The appellees also sought $25 in damages under § 8–203(c)(2) for failure to issue a receipt, but they apparently elected not to pursue this claim.

In her answer, the appellant admitted collecting $2,700 from the appellees and did "not deny the [tenants'] right to terminate the lease as they did." The tenants subsequently moved for summary judgment on Counts I and II. The court ruled that appellant had collected a security deposit in excess of the maximum permitted under § 8–203(b) and that, due to appellant's noncompliance with § 8–203(g), appellant had forfeited her right to withhold any part of the security deposit for damages. The court awarded appellees $2,700 "representing the security deposit withheld by the [appellant]," $1,800 in " 'treble damages' based on the $900 excess security deposit improperly withheld,"[2] and attorney's fees of $3,000.

Thereafter, appellant filed an "Amended Answer and Countercharge" in which she claimed that the appellees were liable for abuse of process. The appellees moved to strike, arguing that the amended answer was filed within fifteen days of the trial date scheduled on the remaining counts. As the amended answer was untimely filed, the court granted the motion to strike. The judge noted, however, that appellant was permitted to file her claim in a separate lawsuit.

The matter proceeded to trial,[3] and the jury returned a verdict in favor of the appellees. Compensatory damages in the amount of $2,192.12 were awarded, along with "treble damages"[4] of $5,000 and attorney's fees amounting to $5,000. The appellant challenges the jury's verdict as well as the entry of summary judgment and asks us to resolve the following questions:

 1. Are the constitutional rights of landlords for equal protection under the 14th Amendment violated if Maryland laws are protenant?

---

**2.** Although the trial court indicated that the $1,800 in "treble damages" was based on the $900 excess security deposit "withheld," we believe the trial court intended to say that the $1,800 award was based on the $900 excess security deposit improperly collected.

**3.** Prior to trial, appellees amended their prayer for damages by increasing the amount sought for attorneys' fees.

**4.** In calculating the amount of "treble damages," the jury apparently decided not to award three times the amount of compensatory damages but, instead, chose to award $5,000.

2. Is prosecution of code violations appropriate, when plaintiffs suffered no actual damage resulting from violations?

3. Did a dispute over the existence of damage constitute a material fact precluding summary judgment?

4. Is it the intent of the legislature to permit tenants to evade their common law responsibility to act in good faith by taking advantage of technicalities of the Real Property Code?

5. Did the appearance of bias against a *pro se* defendant taint the award of summary judgment?

6. Can a duplicative award of damages and penalties be permitted?

7. Even if the verdict is that the defendant is guilty of code violations, are treble damage appropriate, when no malice has been demonstrated?

8. Do trial errors taint a decision so as to warrant a new trial?

■ Rather than separately addressing appellant's questions, we will resolve these issues by discussing the propriety of judgments entered in the circuit court. First, we turn to the entry of summary judgment. Summary judgment is appropriate where there exists no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Md.Rule 2–501. Here, the appellees obtained summary judgment on Counts I and II of their amended complaint. Count I alleged that appellant had collected an excessive security deposit, and Count II alleged that appellant had forfeited her right to withhold any amount of the security deposit. The appellant admitted that the monthly rent was $900 and that she collected a $2,700 deposit. Section 8–203(b)(1) of the Real Property Article provides that a landlord may not require a security deposit in excess of two months rent—appellant, however, collected an amount equal to three months rent. The statutory violation was beyond dispute, and the appellees were entitled to judgment on this count.

The question then became, what was the appropriate measure of damages. Section 8–203(b)(2) provides that, if a

landlord charges more than the equivalent of two months rent as a security deposit, "the tenant may recover up to threefold the extra amount charged, plus reasonable attorney's fees." The extra amount charged was $900, so the appellees could have recovered up to $2,700 as treble damages.

The appellant argues, however, that treble damages are not recoverable because the appellees suffered no actual damages as a result of the violation of § 8–203. In support of her position, appellant cites *CitaraManis v. Hallowell,* 328 Md. 142, 613 A.2d 964 (1992). *CitaraManis* involved two tenants' attempt to recover rent paid to their landlords. The tenants filed a private cause of action under the Maryland Consumer Protection Act and argued that the landlords' failure to license the rental property warranted the return of all rent paid. The Court of Appeals disagreed and ruled that, in order to recover under § 13–408(a) of the Consumer Protection Act contained in the Commercial Law Article, the tenants were required to prove actual injury or loss. *CitaraManis,* 328 Md. at 164, 613 A.2d 964.

The statute at issue in *CitaraManis* provided, *inter alia,* that, "any person may bring an action to recover for *injury or loss* sustained by him as the result of a practice prohibited by this subtitle." Com.Law Art. § 13–408(a) (emphasis added). In contrast, the language of the statute at issue here, § 8–203(b) of the Real Property Article, unambiguously states, "If a landlord charges more than the equivalent of two months' rent ... as a security deposit, the tenant may recover up to threefold the extra amount charged plus reasonable attorney's fees." There is no requirement in § 8–203(b) that the tenants prove actual loss in order to recover treble damages. We, therefore, decline to impose such a requirement.

In addition to § 8–203(b), the appellees also alleged that appellant violated § 8–203(g). Count II of the complaint averred that appellees were not notified of their right to be present at an inspection of the premises. Appellant has introduced nothing to dispute this allegation. Section 8–203(g) provides, "The tenant shall be advised of his rights under this subsection in writing at the time of his payment of the security

deposit. Failure by the landlord to comply with this requirement forfeits the right of the landlord to withhold any part of the security deposit for damages." Subsection (f)(4) further states, "If the landlord, without a reasonable basis, fails to return any part of the security deposit, plus accrued interest,[5] within 45 days after termination of the tenancy, the tenant has an action of up to threefold of the withheld amount, plus reasonable attorney's fees."

Pursuant to their lease, dated July 16, 1989, appellees paid $2,700 as a security deposit. They vacated the premises in October, 1991. During this time, two years (four six-month periods) had lapsed. The interest to which appellees were entitled on their security deposit should, therefore, have been calculated as:

$2,700 security deposit × 4% = $108 interest for one year (two six-month periods)

$108 annual interest × 2 years = $216 total interest due

As appellant had forfeited the right to withhold any amount of the security deposit, she was obligated to return to the appellees the $2,700 paid plus interest of $216 for a total of $2,916. The appellant, however, returned only $733.88. She impermissibly withheld $2,182.12. Pursuant to § 8–203(f)(4) the appellees were entitled to up to threefold the amount withheld ($2,182.12 × 3 = $6,546.36) plus reasonable attorney's fees.

Upon the entry of summary judgment on Counts I and II, the appellees could have recovered reasonable attorney's fees and up to $2,700 for the collection of an excessive security deposit as well as up to $6,546.36 for the failure to return the

5. Pursuant to subsection (f)(1)(2), the tenant is to receive simple interest in the amount of four percent per annum; the interest shall accrue at six-month intervals from the day the tenant pays the security deposit. Interest is not compounded.

entire security deposit. The court awarded the appellees $1,800 as treble damages for the excess security deposit collected and $2,700 as damages for the amount of the security deposit improperly withheld. These awards were certainly below the maximum amounts recoverable, and we perceive no error.

The court also granted appellees' request for attorney's fees. Counsel for the appellees submitted to the court an affidavit stating that, as of April 30, 1992, attorney's fees of $4,720.23 had accrued. In its June 12, 1992 order granting summary judgment, the court awarded $3,000 as attorney's fees. In light of the documentation supporting appellees' request for counsel fees, we see no impropriety in the $3,000 award.

We next turn to the trial and to the verdict returned by the jury. Trial proceeded on Counts III and IV of the amended complaint, and the jury awarded $2,192.12 as compensatory damages, $5,000 in treble damages, and $5,000 for attorney's fees.[6] Count III alleged that, during the tenancy, only normal wear and tear had occurred and that no damage had been wrought to the premises. Appellees argued, therefore, that the landlord was without justification for withholding any amount of the security deposit. The appellees again invoked § 8–203(f) and sought return of the balance of the security deposit along with treble damages and attorney's fees. Count IV of the complaint also cited § 8–203(f) as a basis for recovery. In Count IV, the appellees argued that appellant had incorrectly computed the interest owed on the security deposit. Appellees, therefore, sought three times the amount of interest wrongfully withheld along with reasonable attorney's fees.

Appellant contends that recovery under Counts III and IV was duplicative of the award entered at the summary judgment phase. We agree. Count II of the amended complaint

---

6. The verdict did not distinguish the amount awarded under each count.

alleged that appellant had forfeited her right to withhold any amount of the security deposit, and Count III alleged that appellant wrongfully withheld the security deposit as the premises had not been damaged by the appellees. Counts II and III were merely alternate theories of recovery for the same wrongdoing, i.e., appellant's failure to return the entire amount of the security deposit. The entry of summary judgment on Count II in favor of the appellees disposed of the contention that appellant had wrongfully withheld the security deposit. Relitigation of the same alleged wrongdoing in Count III was, therefore, precluded. *Kent County Bd. of Educ. v. Bilbrough,* 309 Md. 487, 495, 525 A.2d 232 (1987) ("The Maryland law of claim preclusion has moved far enough from the influence of the common law forms of action that it seems to be settled here that a mere change in legal theory, applied to the same set of facts previously litigated, will not in and of itself avoid claim preclusion.").

So, too, Count IV was repetitive of Count II. In Count IV, the appellees contended that appellant had not returned the full amount of interest due on the security deposit. As a consequence, appellees relied upon § 8–203 and sought three times the interest. The same argument, however, was advanced in Count II where the appellees sought three-fold the security deposit and interest withheld. Since the issue raised in Count IV had been previously decided with the grant of summary judgment in Count II, relitigation was precluded. *Kent County Bd. of Educ.,* 309 Md. at 489, 525 A.2d 232 (quoting *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984)). As we have disallowed recovery under Counts III and IV, there exists no basis for the award of attorney's fees on those counts.

In summary, we shall affirm the entry of summary judgment and the accompanying damages award and reverse the jury verdict and the damages awarded therein.

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.

COSTS TO BE PAID ONE–HALF BY THE APPELLANT AND ONE–HALF BY THE APPELLEES.